IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RAY A. MOORE § | | |
|    TDCJ-CID #653525 § | | |
| § | | |
| v. § | | C.A. NO. C-05-504 |
| § | | |
| TEXAS BOARD OF PARDONS § | | |
|    AND PAROLES § | | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS ACTION

This case was filed as a civil rights action by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought pursuant to federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A.

Plaintiff's action is subject to screening regardless of whether he prepays the entire filing fee, or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). His *pro se* complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33

(1992). Applying these standards, it is respectfully recommended that plaintiff's action be dismissed for failure to state a claim and as frivolous.

## I.  JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II.  FACTUAL ALLEGATIONS

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division, and is currently incarcerated at the McConnell Unit in Beeville, Texas. He is suing the Texas Board of Pardons and Paroles ("Board"), alleging that the Board's denial of his parole is unconstitutional and in violation of his due process rights. The following allegations were made in his original complaint, or at the December 28, 2005, Spears[1] hearing.

Plaintiff was convicted of murder and sentenced to 42 years in prison. He claims that, pursuant to the law in effect at the time of his sentencing, he was required to serve twenty-five percent of his sentence before he would become eligible for parole. He claims that he became eligible for parole three times, in 2001, 2003, and 2005, but was denied parole each time based on "two ambiguous

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

paragraphs with two or more unspecific reasons" identified as paragraphs "2D" and "1D."

Plaintiff claims that he has served six years of "set-offs." (time served after parole denied). He argues that the Board's use of set-offs and alleged rule violations are a form of punishment. He alleges that there is no established criteria for determining parole, and that the Board acts in an arbitrary and capricious manner. He asserts that, in general, the Board is acting in a judiciary capacity and is effectively altering and extending prisoners' sentences in violation of their due process rights. He also claims that the Board is retroactively applying new standards to his sentence administration in violation of the Ex Post Facto Clause.

As to the denial of his parole, plaintiff specifically argues that his due process rights were violated because: (1) the decision to deny him parole was "predetermined;" and (2) he was denied advance notice of the parole hearings, which denied him the opportunity to prepare properly for the hearings, or to gather favorable evidence to support his release.

Plaintiff seeks an "injunction" ordering the Board to grant him a new or special parole interview and seeks an order prohibiting it from retaliating against him for filing this lawsuit. He also seeks unspecified compensatory and punitive damages.

### III.  DISCUSSION

**A.     Legal standard.**

Plaintiff's action may be dismissed for failure to state a claim upon which relief can be granted despite his failure to exhaust administrative remedies.  42 U.S.C. § 1997e(c)(2).  The Supreme court has held that "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); accord Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted).  An inmate's complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed.  Id.

**B.     Nature of plaintiff's claims.**

The initial question is whether plaintiff's claims are cognizable under § 1983.  "'Section 1983 is an appropriate legal vehicle to attack unconstitutional parole procedures or conditions of confinement.'"  Allison v. Kyle, 66 F.3d 71, 73 (5th Cir. 1995) (per curiam) (quoting Cook v. Texas Dep't of Criminal Justice

Transitional Planning Dep't, 37 F.3d 166, 168 (5th Cir. 1994)).  However, if a prisoner is challenging the result of a *specific* parole hearing, or is challenging a parole board's rules and procedures that affect his release, and resolution would automatically entitle him to accelerated release, then the challenge must be pursued by writ of habeas corpus.  Heck v. Humphrey, 512 U.S. 477, 481 (1994).  The distinction is between claims that would "*merely enhance* eligibility for accelerated release and those that would *create entitlement* to such release."  Cook, 37 F.3d at 168 (italics in original).  A claim that has an indirect impact on whether a claimant eventually receives parole may still be cognizable under § 1983.  Id.; see also Wilkinson v. Dotson, 544 U.S. 74, _, 125 S. Ct. 1242, 1248-49 (2005) (inmates' challenge to Ohio's parole proceedings could be maintained in a § 1983 proceeding because "success in the action *would not necessarily* spell immediate or speedier release") (italics in original).

    One of plaintiff's claims is that the Board has no set criteria for determining whether to grant or deny parole.  If this were the only basis for his complaint, his claims would be similar to the prisoners' claims in Cook and Allison, which would allow him to pursue his claims in a § 1983 proceeding.  This is because a decision in plaintiff's favor would only "enhance" his chances of a speedier release.

    However, it is evident that plaintiff is complaining about three specific

5

parole hearings: one in 2001, one in 2003, and one in 2005. Although he complains that there is no specific criteria for determining parole, he was advised that he was denied parole based on rules 1D and 2D. Furthermore, he is merely seeking a new parole hearing, rather than an overhaul of the entire Texas parole review system. If the Court found in plaintiff's favor, he would necessarily be entitled to a speedier release. Thus, plaintiff's claims are more properly raised in a habeas corpus proceeding. Cook, 37 F.3d at 168. He must first exhaust his state court remedies prior to pursuing federal habeas corpus relief.[2] 28 U.S.C. § 2254(b)(1).

Finally, plaintiff's damage claims resulting from the allegedly unconstitutional parole hearings are not cognizable in a § 1983 proceeding unless and until plaintiff can demonstrate that the challenged parole hearings were in fact unconstitutional. Heck, 512 U.S. at 486-87 (in order to recover damages for unconstitutional conviction, imprisonment or other harm, prisoner must first prove that the challenged proceeding has been set aside or otherwise called into question).

---

[2] In his original complaint, plaintiff indicated that he had not exhausted his state court remedies in connection with his claims because it was "not required." (D.E. 1 at 2, ¶ III).

## IV.  RECOMMENDATION

It is respectfully recommended that plaintiff has failed to state a claim upon which § 1983 relief can be granted.  His claim for injunctive relief can be maintained only in a habeas corpus proceeding, subject to exhaustion requirements.  His request for damages is not cognizable unless and until he can demonstrate that the allegedly unconstitutional parole decisions have been set aside.  Accordingly, it is respectfully recommended that plaintiff's § 1983 claims for injunctive relief and damages be dismissed for failure to state a claim and as frivolous.  28 U.S.C. § 1915A.

It is further respectfully recommended that, if the Court accepts the recommendation to dismiss plaintiff's claims as frivolous pursuant to 28 U.S.C. § 1915(g), that the Clerk be instructed to provide copies of the dismissal order to the parties, to the TDCJ–Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159, and to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler Texas, 75702, Attention: Betty Parker.

Finally, it is respectfully recommended that, to the extent plaintiff's claims

actually seek relief that is habeas in nature, they be dismissed without prejudice.

Respectfully submitted this 19th day of April 2006.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).